Affirmed and Opinion filed September 12, 2002









Affirmed and Opinion filed September 12, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00599-CR

____________

 

DENNIS MARK ARROYO,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 268th District Court

Fort Bend County, Texas

Trial
Court Cause No. 31,582A

 



 

O
P I N I O N

Appellant,
Dennis Mark Arroyo, was convicted by a jury of attempted capital murder and
aggravated kidnapping.  In one point of
error, appellant claims the trial court erred in improperly instructing the
jury on the affirmative defense of duress. 
We affirm.








The
complainant, Tyrone Jones, and appellant both associated with a man named
Michael Robinson.  On March 6, 1999,
Jones met with Robinson to discuss a missing purse that Robinson=s
girlfriend apparently left in Jones=s car several days earlier. 
Robinson eventually forced Jones at gunpoint to enter the apartment of a
mutual friend, where Jones saw appellant and several other people.  Once in the apartment, Robinson began hitting
Jones with the gun while appellant watched. 
Jones then heard appellant and the others discuss taking Jones somewhere
and killing him.  Robinson told appellant
and another man, David Thompson, Ato go down and get the car ready.@  Later, Robinson walked
Jones downstairs with the gun at Jones=s side and forced him to get in the back seat of a car.  Robinson then told appellant to sit in the
back seat with Jones and handed appellant his gun while Thompson got in the
driver=s
seat.  Robinson and his girlfriend got in
another car, and both cars drove off.  As
they drove, appellant told Jones A[D]on=t move, don=t make me shoot you.@  The cars eventually stopped underneath an
overpass just off the highway.  After
everyone got out of the cars, Robinson retrieved the gun from appellant and
handed it to Thompson, who fired one shot in Jones=s
direction.  Jones started running, so
Robinson took the gun from Thompson and began chasing Jones.  Jones eventually fell to his knees, and
Robinson shot him twice in the face, leaving him for dead.  The others got back in their cars and drove
back to the apartment to clean up.

Appellant
was charged by indictment with one count of attempted capital murder and one
count of aggravated kidnapping.  The jury
convicted appellant on both counts, and he was sentenced to ten and twenty
years, respectively, in the Texas Department of Justice, Institutional
Division, with the sentences to be served concurrently.  This appeal followed.

In
his sole point of error, appellant claims the application paragraphs in the
jury charge erroneously instructed the jury on his affirmative defense of
duress.  The trial court correctly
instructed the jury in the abstract on appellant=s defense of duress as follows:

It is an affirmative defense to prosecution for any offense
that the person charged engaged in the proscribed conduct because he was
compelled to do so by the threat of imminent death or serious bodily injury to
himself or another.  Such compulsion
exists only if the threat of force is such as would render a person of
reasonable firmness incapable of resisting the pressure.








See Tex. Pen.
Code Ann. ' 8.05 (Vernon 1994).  In the application paragraphs of the charge,
however, the jury was instructed it should find appellant Anot
guilty@
if it found by a preponderance of the evidence Athat Michael Robinson had threatened to kill [appellant] if he
did not participate@ in the charged offenses. 
Appellant claims the court=s charge improperly limited his duress defense to compulsion
induced by threat of death only, as opposed to Athreat of imminent death or serious bodily injury.@

We
conclude that, even if the trial court erred in instructing the jury in the
application paragraphs of the charge, the error was harmless because the
evidence did not raise the defense of duress. 
Duress is available as an affirmative defense when a defendant is Acompelled@
to commit the charged offense Aby threat of imminent death or serious bodily injury to himself
or another.@  Id. '
8.05(a).  Section 8.05 further provides: ACompulsion
within the meaning of this section exists only if the force or threat of force
would render a person of reasonable firmness incapable of resisting the
pressure.@  Id. '
8.05(c).  Thus, a defendant=s
claim of duress must have an objective, reasonable basis.  Cameron v. State, 925 S.W.2d 246, 250
(Tex. App.CEl Paso 1996, no pet.). 
Appellant=s claim of duress relies solely on his own testimony, in which
he states he got into the car with Jones because he Awas
told to@
by Robinson and that he Adidn=t feel like [he] had any choice.@  The fact that appellant
was allegedly taking orders from another is not sufficient to raise the defense
of duress.  See id. (citing Leviness v. State,
247 S.W.2d 115, 118 (Tex. Crim. App. 1952)).  Without evidence of a specific, objective
threat, appellant=s testimony about his vague and subjective fears is
insufficient as a matter of law to support an instruction on duress.  See id. (defendant=s
testimony that he was generally afraid of co-defendant=s
temper held insufficient to support submission of a duress instruction); Bernal
v. State, 647 S.W.2d 699, 706 (Tex. App.CSan Antonio 1982, no pet.) (defendant=s
testimony that he feared co-defendant Amight get violent@ held insufficient to support duress instruction).  We overrule appellant=s
sole point of error.

The
trial court=s judgment is affirmed.

 

/s/        Leslie
Brock Yates

Justice

 

 








Judgment rendered and Opinion filed
September 12, 2002.

Panel consists of Justices Yates, Seymore, and Guzman.

Do Not Publish C
Tex. R. App. P. 47.3(b).